IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**SHUREKA GRAHAM**                                                                                       **PLAINTIFF**

**V.**                                     **CIVIL ACTION NO.:**   2:20-cv-153-KS-MTP

**PAP, LLC**                                                                                        **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Shureka Graham, and files this action to recover damages for violations of her rights under the Fair Labor Standards Act against Defendant, PAP, LLC. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

1. Plaintiff, Shureka Graham, is an adult female citizen of Forrest County, Mississippi.

2. Defendant, PAP, LLC, is a Mississippi Limited Liability Company that may be served with process through its registered agent, David Chunn, 2056 Oak Grove Road, Hattiesburg, MS 39402.

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction.

4. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

5. Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising the FLSA.

## **STATEMENT OF THE FACTS**

6. Plaintiff is a 37-year old female resident of Forrest County, Mississippi.

7. Plaintiff was hired on November 4, 2019 as a General Manager at PAP, LLC.

8. On November 1, 2019, Plaintiff received an email that was "generated by talent Reef on behalf of PAP, LLC".

9. The email congratulated Plaintiff and welcomed her aboard as a General Manager.

10. It further stated that she would work at a Popeye's Store at 5900 Hwy 49 South Hattiesburg, Mississippi, and that her manager would be Andrew Johnson.

11. Despite this clear statement of intent, when Plaintiff was working, Plaintiff did not feel she was being given adequate training for the position by Market Leader Rene Bolton.

12. Moreover, as time went by, Plaintiff was pressured to train others even though she, herself, had not been adequately trained nor had she been given the credentials a General Manager was supposed to receive.

13. Although Plaintiff complained about the situation to Market Leader Renee Bolton, the company never adequately addressed these issues.

14. As a result, feeling very frustrated and placed in a no-win situation, on January 5, 2020 Plaintiff ultimately was forced to resign from PAP, LLC.

15. Not only did PAP force Plaintiff to work under false pretenses, but they paid her less than she was supposed to be paid, i.e., they paid her as an Assistant General Manager and not as a General Manager.

16. When Plaintiff was first hired, she was initially sent to train employees of three different stores on how to use their POS system.

17. Since Plaintiff was working in stores where she was not a usual store manager, Plaintiff was unable to punch in.

18. Instead, Ms. Bolton submitted Plaintiff's work hours in writing.

19. However, Ms. Bolton rarely correctly recorded Plaintiff's work hours.

20. Most of the time, Ms. Bolton submitted Plaintiff's work hours as 9 a.m. to 5 p.m., while Plaintiff's actual work hours usually lasted until 6:30 p.m., or sometimes as late as 8 p.m.

21. As a result, Plaintiff worked an average of 50-60 hours per week for which she was not properly paid overtime pay in accordance with the FLSA.

## CAUSES OF ACTION

## COUNT 1: VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to overtime pay for all overtime hours worked.

24. The Fair Labor Standards Act requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

25. Plaintiff has not been paid overtime compensation under the Fair Labor

Standards Act at a rate of 1 ½ her regular rate of pay.

26.     The acts of the Defendant constitute a willful intentional violation of the Fair Labor Standards Act.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Overtime wages;
2. Liquidated Damages;
3. Tax gross-up and all make-whole relief,
4. Attorney fees;
5. Costs and expenses; and
6. Any other relief to which she may be entitled pursuant to the FLSA.

THIS the 14th day of August 2020.

                Respectfully submitted,

                SHUREKA GRAHAM, Plaintiff

          By: /s/Louis H. Watson, Jr.
                Louis H. Watson, Jr.  (MB# 9053)
                Nick Norris (MB# 101574)
                Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Email: nick@watsonnorris.com